IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE MATTER OF THE MARRIAGE OF PATRICK THOMAS CRAIN, | ) ) ) | No. 35656-6-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| SIRI ANN CRAIN, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — This appeal raises the question of whether Washington's child relocation act or the parenting plan modification act applies when the father and mother share residential time and one parent wishes to relocate. This appeal also raises the question of whether the parents must with precision and to the minute equally share residential time for the parenting plan modification act to apply. We hold that, under the facts of this appeal, the superior court should not have applied the child relocation act and we reverse the court's approval of relocation.

FACTS

Patrick and Siri Crain married in 2007. Four years later, the couple bore a daughter, Mary. Mary is a fictitious name to afford the daughter privacy. Patrick previously fathered another daughter.

In 2014, when Mary was three years old, Patrick and Siri Crain divorced and established a parenting plan. The agreed parenting plan provided each parent with "approximately" equal residential time. Section 3.12 of the plan declared:

> The child named in this parenting plan is scheduled to spend *approximately equal time* with her parents. Siri Crain shall be designated as the custodian of the child solely for purposes of all other state and federal statutes which require a designation or determination of custody. *This designation shall not* affect either parent's rights and responsibilities under this parenting plan nor *be construed against or in favor of either parent*.

Clerk's Papers (CP) at 140 (emphasis added). The parenting plan also granted joint decision-making with respect to education, all nonemergent medical care, and spiritual-religious training of Mary. The plan required notification to the other parent if a parent desired to take Mary on vacation or from the Spokane vicinity for more than a week.

Thereafter Patrick Crain enjoyed substantial time with Mary in fulfillment of the parenting plan. Patrick's household consisted of a new wife and his older daughter, Mary's half-sister. Patrick tasked Mary with chores as a regular member of the household, which chores included caring for animals. Mary occupied her own room.

Pursuant to the parenting plan, Mary resided with Patrick Crain three days a week from Sunday afternoon until Tuesday evening the first week, and four days a week the second week from Saturday afternoon until Tuesday evening. Thus, over a two-week period, Mary spent seven days with her father and seven days with her mother. If measured by overnight stays, Patrick's three days equated to two overnight stopovers one week and three overnight residencies the next week for a total of five overnight stays in a fourteen-day time period. Siri enjoyed nine of fourteen overnight stays. In April 2016, Patrick and Siri Crain orally agreed to modify the parenting plan to add an extra overnight stay for Mary with her father every two weeks.

From 2014 to 2016, Patrick and Siri Crain lived in close proximity north of Spokane. Patrick resided in Deer Park and later north Spokane, while Siri lived in Chattaroy and later Elk. In December 2016, a fire next to Siri's home caused her home to lose electricity. Siri's landlord secured power through a generator to a trailer, and the landlord moved into the trailer. Siri, however, never requested that her landlord supply a generator or otherwise restore power to her dwelling. Siri believed that her home could not be restored power because of frozen underground electrical lines and the inability of a generator to power a home. Siri's parents lived twenty minutes from her Elk home, but she did not seek to temporarily reside with them.

In December 2016, Siri Crain relocated to Hayden, Idaho to dwell with her boyfriend Brandon Reed and his two daughters in Reed's apartment. Siri took Mary with

her and did not notify Patrick of the change in residence. The two parents continued to share equal time with Mary. Patrick learned of the change in Siri's residence in January 2017.

PROCEDURE

On February 9, 2017, Patrick Crain filed an objection to Siri's and Mary's relocation due to the lack of notice and the circumstances surrounding the relocation. Thereafter Siri refused Patrick the extra overnight stay with Mary.

On March 31, 2017, Siri Crain responded to Patrick's objection by stating that Patrick filed the objection before she had decided to relocate. Siri asserted that, until late March, her furniture remained in her Elk abode and she temporarily stayed with her boyfriend expecting to return to her Washington home on completion of repairs. Siri further explained that later she learned of no progress in the repairs and, on March 31, she finally determined to permanently reside in Hayden, Idaho. According to Siri, her residing in Idaho with Mary from December 2016 until March 2017 did not constitute a relocation. The trial court found her explanation credible and held that Siri need not have afforded notice of relocation before Patrick's objection in February 2017.

On May 18, 2017, the family law commissioner entertained Siri Crain's motion to relocate and Patrick's objection. The court commissioner concluded that *In re Marriage of Worthley*, 198 Wn. App. 419, 393 P.3d 859 (2017) controlled the cross-motions such that the Washington relocation act did not apply because, under the agreed parenting

4

plan, the parents intended equal time with Mary. The court commissioner further concluded that the residential placement modification act applied and Siri must file an adequate cause motion before any change to the parenting plan. The court commissioner dismissed both parties' motions.

On May 26, 2017, Siri Crain sought revision from a superior court judge of the court commissioner's ruling. The superior court judge overruled the court commissioner, ruled that the relocation act applies, and remanded for further proceedings under the act.

On August 14, 2017, a trial occurred under the relocation act before a superior court judge, rather than a court commissioner, despite the remand. The superior court applied the presumption in favor of relocation on Siri Crain's behalf, analyzed the statutory relocation factors, and approved Siri's relocation. Patrick lost equal residential time. The trial court afforded Patrick visitation with Mary every other weekend under an amended parenting plan. The updated parenting plan retained the joint decision-making authority for both parties.

## LAW AND ANALYSIS

*Issue 1: Should this court accept review of Patrick Crain's challenge to the relocation ruling?*

*Answer 1: Yes.*

On appeal, Patrick Crain seeks reversal of the superior court's determination to review Siri's petition for relocation under the Washington relocation act. He claims that

the parenting plan's grant of equal residential time with Mary removes Siri's petition from the coverage of the relocation act. As a preliminary matter, Siri Crain argues that Patrick's failure to seek discretionary review of the superior court judge's May 26, 2017 revision order, wherein the superior court ruled that the relocation act controlled, precludes Patrick from seeking posttrial relief.

In advancing her argument in favor of dismissing the appeal, Siri Crain emphasizes *Lincoln v. Transamerica Investment Corp.*, 89 Wn.2d 571, 573 P.2d 1316 (1978), wherein the Supreme Court addressed a party's failure to seek discretionary review of a pretrial ruling regarding venue. After trial, the party appealed the venue ruling. In dicta, the court stated that the proper remedy would have been to seek review by certiorari following the trial court's denial of the motion for change of venue instead of waiting until trial concluded and then asking an appellate court to reverse an unfavorable judgment. Nevertheless, the court did not foreclose the posttrial review of a venue ruling. Instead, the Supreme Court held that, if a party brings a posttrial challenge to venue, the party must show prejudice by the denial of a change of venue.

The *Lincoln v. Transamerica Investment Corp.* analysis bears no relevance to Patrick Crain's appeal. The party in *Lincoln* challenged a ruling concerning the identity of the decision-maker without any showing that a change in the decision-maker would impact the substantive decision. In contrast, Patrick appeals a decision that affects substantive decisions concerning placement of his daughter. He shows prejudice in

substantive rulings.

Discretionary review by Patrick Crain under RAP 2.3 would not have guaranteed that this appeals court would accept early review. Crain permissibly awaited the superior court's final relocation order and amendment to the parenting plan. RAP 2.2(1) and (13) entitle Patrick to this appeal.

*Issue 2: Whether the Washington relocation act controls Siri Crain's request to relocate to Hayden, Idaho?*

*Answer 2: No.*

We now reach the merits of the appeal. Patrick Crain argues the superior court judge erred when applying the relocation act at trial, by analyzing the relocation factors, and by granting Siri Crain the presumption in favor of relocation with Mary. He contends that, under *In re Marriage of Worthley*, 198 Wn. App. 419 (2017), the parties' parenting plan that provided for substantially equal residential time with Mary did not permit application of the act. We agree.

Washington's child relocation act is codified at RCW 26.09.405-.560. The act imposes notice requirements and sets standards for relocating children who are the subject of court orders regarding residential time. *In re Custody of Osborne*, 119 Wn. App. 133, 140, 79 P.3d 465 (2003). The act provides:

> a person with whom *the child resides a majority of the time* shall notify every other person entitled to residential time or visitation with the child under a court order if the person intends to relocate.

7

RCW 26.09.430 (emphasis added).  We must determine whether Mary Crain resided a majority of the time with Siri.  If a person entitled to residential time objects, the person seeking to relocate the child may not relocate without a court order.  RCW 26.09.480(2).

In *In re Marriage of Worthley*, 198 Wn. App. 419 (2017), the parties' parenting plan allowed for the minor child to reside equally or substantially equally with both parents on an alternating weekly schedule.  The plan designated the parties as joint legal and physical custodians with equal decision-making authority.  The father filed a notice of intended relocation with the minor child.  One trial court judge held the relocation act did not apply and set a hearing for a determination of adequate cause under the residential placement modification statute, while another judge concluded the act applied and set an evidentiary hearing to determine which parent was the primary parent.  This court granted discretionary review for the sole issue of whether the relocation act applies to parenting plans that provide for children to reside substantially equally with both parents.

In *Worthley*, this court held that the child relocation act's language does not extend to proposed relocations that would modify joint and equal residential time under a joint parenting plan to something other than joint and equal residential time.  We recognized the disruptive nature of relocating children and changing their residential time patterns, and we fulfilled the policy of furthering the continuity of established relationships for children.  We further held that a parent with an equal time parenting plan must prove adequate cause under the modification statute when the proposed relocation would alter a

8

parent's equal residential time to less than equal. We wrote:

> The high burden of adequate cause fulfills the policy to maintain the existing pattern of the parent-child relationship to protect the best interest of the child. The modification procedures were set up specifically to "protect stability by making it more difficult to challenge the status quo." *Parents who are parties to a joint parenting agreement have entered into a serious commitment to parent their children together. This commitment should not lightly be undone.* The modification statute protects the status quo in the parent-child relationship and that protection is no less important in the joint parenting context.

*In re Marriage of Worthley*, 198 Wn. App. at 429-30 (emphasis added) (citation omitted).

Siri Crain does not argue against the application of *Worthley*. Instead she factually disputes that the parenting plan with Patrick affords equal and joint parenting. Siri underscores that the plan designated her as legal custodian and the plan afforded her more overnights stays. Additional case law rejects these arguments.

In a recent decision, this court held that the designation of custodian listed on the parenting plan does not control the status as primary parent under RCW 26.09.430. *In re Marriage of Jackson*, 4 Wn. App. 2d 212, 421 P.3d 477 (2018). Instead, we held that actual residential time controls. Patrick and Siri Crain's parenting plan even read that the custody designation should not be construed for or against either parent.

We also reject any emphasis on overnight time. We do not wish for an assessment of equal residential time to rely on the time of day of placement or the allocation of placement minutes to the parents. We desire no mathematical calculation. Instead, we look to the parties' intent to share child rearing and spend nearly equal time with their

9

No. 35656-6-III
*In re Marriage of Crain*

child and the fulfillment of that intent. Patrick and Siri Crain's parenting plan shows an intent to afford each parent "approximately equal time" with Mary, and the two followed that intent until the relocation. CP at 140.

CONCLUSION

We reverse the superior court's application of the child relocation act and dismiss Siri Crain's petition for relocation of Mary. If Siri wishes to live in Idaho, she should file a petition to modify the parenting plan and show adequate cause for modification of the plan.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

10